CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 10, 2005

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HERBERT TIMOTHY ROSS, #223697, )<br>    Plaintiff, ) | Civil Action No. 7:05cv00590 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| NANCY ROSE, ) | |
|     Defendants. ) | By: Jackson L. Kiser |
| ) | Senior U.S. District Judge |

Plaintiff Herbert Timothy Ross, # 223697, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that while incarcerated at Red Onion State Prison he was subjected to excessive force and during a subsequent disciplinary hearing was denied procedural due process. As relief, Ross seeks only monetary damages.

After reviewing his complaint, I find that Ross has failed to raise any claim of constitutional magnitude as to his claim regarding the institutional disciplinary hearing. Accordingly, I will dismiss that claim pursuant to 28 U.S.C. § 1915A(b)(1).

I. **Claims and allegations**

In his complaint, Ross admits that on October 9, 2003, he began violently kicking his cell door in protest of the correctional officers' decision to postpone outdoor recreation while nurses administered flu shots in the pod. In response several correctional officers approached Ross' cell and began placing him in restraints. Ross claims that without being ordered to do so, he knelt down and allowed the handcuffs and ankle shackles to be applied. Immediately after the restraints were fastened, Ross alleges that correctional officers helped him to rise and walked him over to the bed,

where he sat down. As the correctional officers began removing those restraints to apply ambulatory restraints, Ross explained to the officers why he was kicking the door. He then states that Correctional Officer Powers jerked his arm and said "Come on," Ross took this as an order to stand up; and, as he stood he alleges that Correctional Officer Nancy Rose cursed at him and "busted" him under his left eye. Ross then claims that he tried to explain to Rose why he stood, but that she did not listen and instead hit him in the mouth. Ross claims that due to the assault he was bleeding from a cut under his eye and mouth. Immediately after the incident, Ross admits that the correctional officers contacted the medical unit and that he was briefly examined by Nurse Reed. He further admits that he told Nurse Reed that he was "ok" and did not need any further medical attention. However, Ross alleges that after the nurse and all correctional officers left his cell and after he had been placed in ambulatory restraints, he noticed that his eye was still bleeding. Yet, Ross did not attempt to get the correctional officers' attention nor did he ever submit any requests for additional medical attention.

Following the incident, Ross was charged with aggravated assault upon a non-inmate. Contrary to Ross' assertions of his pacifist behavior while he was being restrained, Correctional Officer Nancy Rose testified during the institutional hearing that while he was being placed in ambulatory restraints, Ross jumped up from his cell bed. In response Correctional Officer Nancy Rose put her right hand in front of Ross to restrain him and he bit her thumb. Rose's testimony was corroborated by two other correctional officers who were present during the incident. Ross was subsequently found guilty and was penalized with a loss of 90 days earned good time.

2

## II. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

### A. Excessive Force

Ross alleges that on October 9, 2003 Correctional Officer Rose utilized excessive force while placing him in ambulatory restraints. Specifically, he alleges that without cause she hit him under his eye and in the mouth, causing him to bleed. The Eighth Amendment protects individuals against excessive prison sentences, as well as inhumane treatment and excessive force while imprisoned. See U.S. Const. amend. VIII. To establish an Eighth Amendment excessive force claim against a prison official, an inmate must satisfy a two-prong standard comprised of both an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation) and a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind). Williams v. Benjamin, 77 F.3d 756, 761 (1996). As Ross claims that the defendant hit him at least twice in the face, causing him to bleed, without provocation, he has alleged sufficient facts to allow this claim to proceed.

3

## B. Due Process

Subsequent to the incident on October 9, 2003, Ross was charged with assaulting defendant Rose. Ross claims that during that hearing he was denied due process of law because there were correctional officers present whom he did not wish to question and he was not allowed to present documentary evidence supporting his defense.

During an administrative disciplinary hearing, when loss of statutory good time credits or some other liberty interest is at risk, an inmate is afforded certain procedural protections. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). In those instances, an inmate is assured the right to advance notice of the proceedings, a written statement by the fact finders as to the evidence relied on, to call witnesses and/or present documentary evidence in his own defense, and to be heard before a fair and impartial tribunal. Wolff v. McDonnell, 418 U.S. 539, 557 (1974).

As Ross lost 90 days of earned good time credit for his conviction for the assault on Correctional Officer Rose, he is entitled to the procedural protections afforded under Wolff. However, Ross' claim that he was denied due process because there were witnesses present during the hearing whom he did not request nor desire to question is absurd. Although an inmate is allowed to call witnesses in his own defense, he is not afforded any right to prevent adverse witnesses from being called. See Id.

Next, Ross alleges that he was not allowed to present documentary evidence which supported his defense that he did not bite Rose, rather that she injured her thumb when she hit him. However, Ross admits that the only evidence which he was not allowed to present was the video tape of the alleged assault. When production of real evidence could result in a threat on institutional safety, an inmate is not entitled to production of that evidence during the disciplinary hearing. Brown v.

4

Braxton, 373 F.3d 501, 505 (4th Cir. 2004). Allowing an inmate to review the video recording of correctional officers preparing to restrain and restraining an inmate poses just such a threat. During that review the inmate may discover weaknesses in the officers' techniques or procedures. That information may subsequently be personally utilized or passed on to the other inmates; thus, presenting a significant future risk of injury to both staff and inmates.

As allowing Ross to review and present the video recording of his restraint presented a threat to institutional safety, Ross was not entitled to such evidence during the disciplinary hearing. Accordingly, Ross was not denied any procedural protections when the disciplinary hearing board declined to allow him to review or present the video recording. Therefore, I will dismiss this claim pursuant to 28 U.S.C. § 1915A(b)(1).

To the extent that Ross argues that there was insufficient evidence to convict him of assault, this argument is also unavailing. Federal courts will not review the accuracy of a disciplinary committee's finding of fact. Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Such findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious. Smith v. Rabalais, 659 F.2d 539, 545 (5 th Cir. 1981), cert. denied, 455 U.S. 992 (1982). In this instance it is clear that there was ample evidence to support Ross' conviction.

As noted above, Ross admits that due to a misunderstanding he disobeyed an officer's order to remain seated while he was being placed in ambulatory restraints. Ross then claims that without further provocation Rose hit him; however, the disciplinary committee found that Ross disobeyed an order to remain seated and jumped on his bed, and that when Rose attempted to restrain him, he bit her thumb. The disciplinary board based their finding on testimony offered by Rose, other correctional officers, and an examination of Rose's medical record. Ross' submissions indicate that

5

all the correctional officers testified as to Rose's version of the incident. Additionally, although Ross claims that the medical evidence did not support a finding that she was bitten, he does not challenge the fact that Rose was injured nor that she needed medical attention following the incident. As such, I find that there was some evidence which supports Ross' conviction. Therefore, these claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### III. Conclusion

Based on the foregoing, I find that Ross has failed to raise a claim of constitutional magnitude regarding his allegations of denial of procedural due process during his institutional disciplinary hearing. Accordingly, I find that those allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. However, I find that Ross has made sufficient allegation of facts regarding his claim of excessive force. Accordingly, I will allow that claim to go forward.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 10th day of October, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge